CHARLES J. SCHUCK, Judge.
This proceeding is in the nature of a motion to vacate an order heretofore entered by this court, reversing an award of $5,000.00 to claimant and denying the award on the ground that the Court of Claims was without jurisdiction to hear and *252 determine any matter involving a claim against a county board of education.
This claim was first presented to this court at the April term 1942, and involved serious and permanent injuries to a child, Ernestine Richards, eight years of age, caused by her clothing catching fire from an open fireplace in a one-room schoolhouse located in Calhoun county.
The majority of the court favored an award and fixed the amount at $5,000.00. I dissented on the ground that, in my opinion, a county board of education was not a state agency as contemplated by the act creating the Court of Claims and that therefore we were without jurisdiction to hear and determine the merits of the claim. See - dissenting opinion in re Richards v. Board of Education, 1 Ct. Claims (W. Va.) 142. at page 151.
Subsequently, in the case or claim of Mary Dillon, an infant, v. the Board of Education of Summers County, involving injuries to the said infant while being transported in a school bus and allegedly caused by the careless and improper operation of the bus by the driver thereof, this court in a majority opinion written by Judge Bland, reversed its finding in Richards, supra, and held that a county board of education was not a state agency as contemplated by the act creating the Court of Claims and further specifically disapproved the majority opinion or finding in the Richards case. See Dillon v. Board of Education, 1 Ct. claims (W. Va.) 366. The foregoing decision also reversed the holding or finding in Johnson v. Board of Education, 1 Ct. claims (W. Va.) 158.
We are now asked to vacate the final order herefore entered in the matter of this claim, and to substitute therefor an order reestablishing the award of $5,000.00 and recommending it to the Legislature for payment accordingly. Counsel made an able argument, both before the court and in their brief in support of the motion, and by reason thereof, as well as the obvious importance of the claim and the deep sympathy we have for this unfortunate child, we have again read and reread our conclusions in this and other claims of similar nature heretofore determined; have again fully considered the important *253 questions involved and have again reached the conclusion that a county board of education is not a state agency as contemplated by the Court of Claims Act.
Since the entry of the orders in the foregoing claims denying jurisdiction, the Legislature at its last session (1945) passed an act specifically excluding from our jurisdiction any claim or claims that may grow out of any matter involving a county board of education, and, as well specifically excluding from the definition of “state agency” a county board of education. Chapter 39, Acts of the Legislature 1945.
It is therefore obvious that we have no jurisdiction to hear and determine any claim against a county board of education. We are bound by the provisions of the act in question. We are not empowered to determine the validity or legality of any act passed by the Legislature and must assume that the act in question fully governs us in our deliberations and the settlement of claims that are presented for our consideration. The application for the order to vacate the previous order refusing an award and to reinstate the award heretofore made is' accordingly denied.